| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Larry D Simons<br>Law Offices of Larry D. Simons<br>15545 Devonshire Ave<br>Ste 110<br>Mission Hills, CA 91345<br><br>818-672-1778<br><br><br><br>_Plaintiff or Attorney for Plaintiff_ | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| In re:<br><br>Zohra Tariq and Tariq Aziz<br><br><br><br>_Debtor(s)._ | CASE NO.: 2:22-bk-12084-SK<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: 2:23-ap-01357-SK |
|---|---|
| Jason M Rund<br><br>Plaintiff(s)<br>Versus<br>Madhava Yatham<br><br><br>_Defendant(s)_ | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is **08/10/2023.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
    Date:                  October 4, 2023
    Time:                 09:00 AM
    Hearing Judge:    Sandra R. Klein
    Location:          255 E Temple St., Crtrm 1575, Los Angeles, CA 90012

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                                    Page 1                              **F 7004-1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: July 11, 2023

By: _____"s/" Dawnette Francis_____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016                        Page 2                        F 7004-1.SUMMONS.ADV.PROC

## EARLY MEETING OF COUNSEL, JOINT STATUS REPORT AND STATUS CONFERENCE INSTRUCTIONS

1.      A copy of these instructions must be attached to the copy of the complaint served upon each party, and the proof of service of the summons and complaint must indicate that such copy was served therewith.

2.      If the adversary proceeding involves money or property exceeding $10,000, or if plaintiff believes trial time will exceed 4 hours, plaintiff must serve, with the summons and complaint, a notice that compliance with Local Bankruptcy Rule 7026-1 and Federal Bankruptcy Procedure Rule 7026 is required. Plaintiff must also file a proof of service of the notice together with the proof of service of the summons and the complaint.

3.      If Local Bankruptcy Rule 7026-1 is applicable, counsel for the parties MUST TIMELY MEET TO DISCUSS SETTLEMENT AND TO EXCHANGE DOCUMENTS, OTHER EVIDENCE, AND LISTS OF WITNESSES, AND PRELIMINARY DISCOVERY SCHEDULES AS PROVIDED IN SAID RULE. FEDERAL RULE OF CIVIL PROCEDURE 26(f) DOES NOT APPLY TO THIS PROCEEDING.

4.      Unless all defendants have defaulted, the parties **must** file a Joint Status Report pursuant to Local Bankruptcy Rule 7016-1(a)(2) at least 14 court days before the date of the status conference using Local Form No. F 7016-1.1. This form may be found on the Court's website, www.cacb.uscourts.gov, by clicking on "Forms/Rules/General Orders," then "Local Bankruptcy Rules & Forms." and scrolling down to F 7016-1.1. If Local Bankruptcy Rule 7026-1 is applicable, the parties shall include in the Joint Status Report a statement that they have met to discuss settlement and have exchanged documents, other evidence, lists of witnesses and preliminary discovery schedules.

5.      If no response to the complaint is timely filed, plaintiff may request entry of default by the clerk or by the court pursuant to Local Bankruptcy Rule 7055-1(a). Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion pursuant to Local Bankruptcy Rule 7055-1(b). These motions may be brought pursuant to Local Bankruptcy Rule 9013-1.

6.      If the parties dispute whether the adversary proceeding is "core" or "non-core," they must file points and authorities in support of their positions. See 28 U.S.C. § 157. Any party that contends the proceeding is "non-core" must file and serve its points and authorities at least 14 days before the status conference. Any response must be filed and served at least 7 days before the status conference.

7.      Unless a party objects in writing in the first Joint Status Report or the court orders otherwise, direct testimony at trial will be presented by declaration.

8.      Failure to comply with these instructions may subject the responsible party to sanctions.

9.  At the initial status conference a date may be set for further status conference, a pre-trial conference and/or for trial.

10. Failure of counsel for any party to appear at a status conference or pre-trial conference may be considered an abandonment and the adversary proceeding may be dismissed or judgment entered against the defaulting party, without further hearing.

Sandra R. Klein
United States Bankruptcy Judge

1  Larry D. Simons, CLS-B (CBN 179239)
   larry@lsimonslaw.com
2  Frank X. Ruggier, CLS-B (CA Bar No. 198863)
   frank@lsimonslaw.com
3  **LAW OFFICES OF LARRY D. SIMONS**
   15545 Devonshire Street, Suite 110
4  Mission Hills, California 91345
   Telephone: 818.672.1778
5  Facsimile: 626.389.5607

6  Attorneys for Plaintiff
   Jason M. Rund, Chapter 7 Trustee
7

8

9  **UNITED STATES BANKRUPTCY COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

11

| | |
|---|---|
| 12  In re | Case No. 2:22-bk-12084 SK |
| 13  ZOHRA TARIZ and TARIQ AZIZ, | Chapter 7 |
| 14       Debtors. | Adv. Proc. No. 6:23-ap-_____-SK |
| 15 | **COMPLAINT TO AUTHORIZE SALE OF PROPERTY OWNED IN PART BY NON-DEBTOR** |
| 16  JASON M. RUND, Solely in his capacity as Chapter 7 Trustee, | |
| 17       Plaintiff, | [11 U.S.C. § 363(h)] |
| 18  v. | DATE: TO BE SET BY SUMMONS |
| 19  MADHAVA R. YATHAM an individual, | TIME: TO BE SET BY SUMMONS PLACE: Courtroom 1575 |
| 20       Defendant. | United States Bankruptcy Court 255 East Temple Street |
| 21 | Los Angeles, California 90012 |

24 TO THE HONORABLE SANDRA KLEIN, UNITED STATES BANKRUPTCY

25 JUDGE, THE DEFENDANT, AND HIS COUNSEL OF RECORD, IF ANY:

26 ///

27 ///

28 ///

For his Complaint for Authority to Sell Property Owned, in part, by Non-Debtor (the "Complaint") against the defendant Madhava R. Yatham (the "Defendant"), plaintiff Jason M. Rund, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee") for the estate of the debtors Zohra Tariz and Tariq Aziz (the "Debtors") hereby alleges as follows:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2. Plaintiff Jason M. Rund (the "Trustee" or "Plaintiff") is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division which is styled In re Zohra Tariq and Tariq Aziz, bearing Case No. 2:22-bk-12084 SK (the "Bankruptcy Case").

3. Debtors Zohra Tariz and Tariq Aziz (the "Debtors") initiated this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on April 13, 2022 (the "Petition Date").

4. Defendant Madhava R. Yatham (the "Defendant") is an individual residing within the jurisdiction of this Court.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

5. The instant complaint (the "Complaint") against the Defendant initiates an adversary proceeding in which Plaintiff is seeking authority to sell the Defendant's interest in the improved real property located at 103 Whitnall Highway, Burbank, California 91505, APN 2483-021-014 (the "Property").

6. The Property is legally described as follows:

> LOT 175 AND 176 OF TRACT NO. 10134, IN THE CITY OF BURBANK, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 143, PAGES 1 AND 2 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Law Offices of Larry D. Simons
15545 Devonshire Avenue, Suite 110
Mission Hills, California 91345
TEL. 818.672.1778 • FAX 626.389.5607

7. Tariq Aziz and the Defendant acquired title to the Property via a grant deed, which was recorded in the Official Records of the Recorder's Office of Los Angeles County, California on March 4, 2016 as Document Number 20160237511 (the "Grant Deed"). A true and correct copy of the Grant Deed is attached hereto, marked as Exhibit "1" and incorporated herein by this reference.

8. The Grant Deed reflects title to the Property being held as follows, "Tariq Aziz, a married man as his sole and separate property and Madhava R. Yatham, a married man as his sole and separate property".

9. Based upon documents received, Plaintiff is informed and believes and, on that basis alleges that, there is a deed of trust in which Shellpoint Mortgage Servicing is the servicer that is recorded against the Property (the "Shellpoint TD").

10. Plaintiff is informed and believes and on that basis alleges that the balance owed on the Shellpoint TD is no less than $465,000.00.

11. The Property is located in the Central District of California.

12. Plaintiff is informed and believes and, on that basis alleges that the Property has a current fair market value of approximately $1,000,000.00.

### FIRST CLAIM FOR RELIEF
### TO OBTAIN APPROVAL FOR SALE OF REAL PROPERTY OWNED, IN PART, BY A NON DEBTOR
### [11 U.S.C. § 363(h)]

13. Plaintiff realleges each and every allegation contained in paragraphs 1 through 12 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

14. Based upon the current value of the Property and the estimated outstanding debt against the Property, and taking into account, estimated costs of sale, the Property has gross equity of approximately $745,000.00, half of which constitutes property of the Estate.

15. Plaintiff desires to sell both the Estate's interest in the Property together with the remaining interest in the Property of the Defendant.

16. Partition of the Property between the Estate and Defendant is impracticable.

///

17. The sale of the Estate's undivided interest in the Property would realize significantly less for the Estate than sale of the Property free of the interests of the Defendant.

18. The benefit to the Estate of a sale of the Property free of the interests of Defendant outweighs the detriment, if any, to the Defendant.

19. The Property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light or power.

20. By reason of the foregoing, the Plaintiff may sell the interest of the Defendant in the Property pursuant to 11 U.S.C. Section 363(h).

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

1. To obtain approval for the sale of the interests of non-Debtor in the Property pursuant to 11 U.S.C. § 363(h);

2. For attorney's fees; and

3. For costs of suit incurred herein; and

4. For such other and further relief as this Court deems just and proper.

Dated: July 10, 2023                    **LAW OFFICES OF LARRY D. SIMONS**

                                         /s/ *Larry D. Simons*
                                         Larry D. Simons
                                         Attorneys for Jason M. Rund, Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15545 Devonshire Street, Suite 110, Mission Hills, CA 91345

A true and correct copy of the foregoing document entitled (*specify*):

**(1) Summons and Notice of Status Conference in Adversary Proceeding**
**(2) Early Meeting of Counsel, Joint Status Report and Status Conference Instructions**
**(3) Complaint to Authorize Sale of Property Owned in Part by Non Debtor**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ___07/12/2023___, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Jason M. Rund (TR):** trustee@srlawyers.com, jrund@ecf.axosfs.com
**United States Trustee (LA):** ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _07/12/2023___, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Defendant, Madhava Yatham:** 7 Aster Way, Dayton, NJ 08810-1498
103 North Whitnall Hwy, Bubank, CA 9505-3518

**Attorney for Madhava Yatham in State Ct. Partition Proceeding:** Darrel Menthe Esq., 9696 Culver Blvd., Suite 301, Culver City, CA 90232

**Judge:** Honorable Sandra R. Klein, 255 E. Temple Street, Suite 1582, Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 07/12/2023 | Karen Green | /s/ Karen Green |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE